1   WO

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   Isofoton, S.A.,                    )   No. CV-04-0798-PHX-ROS
                                       )
10        Plaintiff,                   )   **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    Ygal Giremberk d/b/a Corporate     )
13  International Operations, a sole    )
    proprietorship,                    )
14                                     )
         Defendant.                    )
15                                     )
                                       )
16  _____)

17

18        On April 4, 2005 the Court issued a short order denying Defendant Giramberk's

19  Motion To Dismiss Count IV of Complaint with a written opinion to follow (Doc. #15). This

20  is that opinion.

21        Plaintiff Isofoton is suing Giramberk on a variety of theories for allegedly failing to

22  pay for Isofoton's products pursuant to a Commission Agreement between the parties.

23  Giramberk has two principle arguments for dismissal of the unjust enrichment claim. First,

24  he claims that Isofoton's breach of contract allegation in Count I precludes the unjust

25  enrichment allegation in Count IV. Second, he argues more generally that unjust enrichment

26  is inappropriate because the Commission Agreement governs the dispute. For the reasons

27  stated below the Court denies the Motion to Dismiss.

28

1  **I.      Background**

2        The following is accepted as true for the purposes of this Motion to Dismiss. On

3  November 19, 1993, Defendant Giramberk contracted to sell Plaintiff Isofoton's photovoltaic

4  solar cells and modules. [Doc. #1 (Compl.) ¶ 6.]  Under the Commission Agreement,

5  Isofoton set a base price for each product, which was deducted from the price Giramberk

6  received from customers to arrive at his commission. [Id.]  Giramberk received payment

7  directly from his customers, ordered the product from Isofoton before paying the base price

8  to Isofoton and reserved the excess as his commission. [Id. at 7.]

9        Each party performed its duties under the Commission Agreement between the date

10  of formation and June 2002. [Id. at 8.]  Between June 12, 2002 and January 20, 2003,

11  Giramberk ordered Isofoton products totaling $284,377.03 in seven separate orders, but made

12  only one $80,000.00 partial payment. [Id. ¶¶ 9-10.]  With the exception of the $80,000.00

13  payment, Giramberk has neither paid for, returned, nor complained about any of the products

14  ordered, resulting in an outstanding balance of $214,377.03. [Id. at 11.]

15  **II.     Procedural History**

16        Isofoton filed its Complaint on April 23, 2004 alleging breach of contract, breach of

17  the implied covenant of good faith and fair dealing, unjust enrichment, and breach of

18  fiduciary duty. [Doc. # 1.]  It sought $214,377.03 in compensatory damages, an order

19  terminating the Commission Agreement, or alternatively declaring it non-exclusive, attorney

20  fees, and pre-judgment and post-judgment interest. [Id.]  Giramberk filed this Motion to

21  Dismiss on May 24, 2004. [Doc. # 4.]  Isofoton filed a Response (Doc. # 5) on June 9, 2004

22  followed by Giramberk's Reply (Doc. # 9) on June 30, 2004.

23  **III.    Jurisdiction**

24        The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.  Plaintiff is a

25  resident of Spain.  Defendant is a resident of Arizona.  The amount in controversy exceeds

26  $75,000.00.  Although Giramberk's admission regarding the Court's subject matter

27  jurisdiction is not controlling, his admission regarding venue and personal jurisdiction is

28                                          - 2 -

1  controlling; thus, venue and personal jurisdiction are proper. <u>See Mitchell v. Maurer</u>, 293
2  U.S. 237, 244 (1934) (finding that diversity jurisdiction was improper despite apparent
3  acquiescence of parties to the Court's jurisdiction).

4  **IV.   Choice of Law**

5  In a diversity action, federal courts must apply the choice of law rules of the state in
6  which it sits. <u>See Fields v. Legacy Health Sys.</u>, 413 F.3d 943, 950 (9ᵗʰ Cir. 2005). Thus, this
7  Court must apply Arizona's choice-of-law rules. Arizona courts apply the Restatement to
8  determine the applicable law in a contract action. <u>See Swanson v. The Image Bank, Inc.</u>, 77
9  P.3d 439, 441 (Ariz. 2003). The parties' contract does not contain a choice of law provision,
10 so the contractual rights and duties of the parties are governed by the law of the state having
11 "the most significant relationship to the parties and the transaction." <u>Cardon v. Cotton Lane</u>
12 <u>Holdings, Inc.</u>, 841 P.2d 198, 202 (Ariz. 2002) (citing Restatement (Second) Conflict of
13 Laws § 188 (1971). Here, formation and performance took place partially in California and
14 partially in Arizona. Following an order requiring further briefing on the choice of law issue
15 (Doc. # 13), the parties stipulated that Arizona law controls the litigation. [Doc. # 14.]

16 Under Ninth Circuit law, choice of law stipulations during litigation are acceptable,
17 provided they do not attempt to stipulate how the court should apply the law substantively.[1]
18 <u>See Dimidowich v. Howell</u>, 803 F.2d 1473, 1477 n.1 (9th Cir. 1986) (accepting the parties'
19 stipulation that California law governs, but rejecting their attempt to stipulate which
20 precedent applies in determining substantive issues of California law). Giramberk lives and

21

22

23 [1] The Fifth and Third Circuits have found that stipulations to choice of law during
ongoing litigation are improper. <u>See, e.g., Ezell v. Hayes Oilfield Construction Co., Inc.</u>, 693
24 F.2d 489, 492 n.2 (5th Cir. 1983) (en banc) (deciding that the parties' stipulation to
Mississippi law "[was] no more binding on us than any pretrial stipulation as to the content
25 of Louisiana law."); <u>Consolidated Water P. & P. Co. v. Spartan Aircraft Co.</u>, 185 F.2d 947,
26 949 (3d Cir. 1950) (noting that the court had not seen, and never expected to see, a choice
of law stipulation made after the start of litigation). The Court is not bound by the law of
27 these circuits.

28  - 3 -

1  performed part of the contract in Arizona, which is the stipulated choice of law.  The

2  stipulation does not assert how Arizona law must be applied.  Thus, the parties' choice of law

3  stipulation is reasonable, and the Court will follow Arizona law.

4  **V.    Discussion**

5      **A.    Legal Standard**

6      A motion to dismiss will be granted where the plaintiff fails to state a claim upon

7  which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the purposes of a Rule 12(b)(6)

8  motion, "[r]eview is limited to the contents of the complaint."  Clegg v. Cult Awareness

9  Network, 18 F.3d 752, 755 (9th Cir. 1994).  A complaint should not be dismissed "unless it

10  appears beyond doubt that plaintiff can prove no set of facts in support of his claim which

11  would entitle him to relief."  Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002) (citation

12  omitted).

13      When analyzing a complaint for failure to state a claim, "[a]ll allegations of material

14  fact are taken as true and construed in the light most favorable to the non-moving party."

15  Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).  In addition, the district court must

16  assume that all general allegations "embrace whatever specific facts might be necessary to

17  support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994)

18  (citations omitted).  The district court need not assume, however, that the plaintiff can prove

19  facts different from those alleged in the complaint.  See Associated Gen. Contractors of

20  Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

21      **B.    Analysis**

22          **1.    Pleading in the Alternative**

23      Giramberk claims that Isofoton's breach of contract claim in Count I precludes it from

24  setting forth an unjust enrichment claim as an alternative theory because the claims contradict

25  each other.  Isofoton argues that Fed. R. Civ. P. 8(e)2 permits it to plead inconsistent claims

26

27

28                          - 4 -

1  as alternative theories of the case.[2]

2      Under Arizona law, the doctrine of unjust enrichment is a "flexible, equitable remedy
3  available whenever the court finds that 'the defendant . . . . is obliged by the ties of natural
4  justice and equity' to make compensation for the benefits received." Arnold & Assocs., Inc.
5  v. Misys Healthcare Systems, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003). An unjust
6  enrichment recovery is barred when the plaintiff has *received* the benefit of its bargain. See
7  US Life Title Co. of Arizona v. Gutkin, 732 P.2d 579, 585 (Ariz. Ct. App. 1986) (emphasis
8  added) (rejecting plaintiff's unjust enrichment claim where it has already received the quit-
9  claim deed for which it had bargained); Brooks v. Valley Nat. Bank, 548 P.2d 1166, 1171
10  (Ariz. 1976) (holding that a party is not entitled to compensation on grounds of unjust
11  enrichment if the party receives that which it was agreed it would receive by contract).
12  However, "[t]he mere existence of a contract governing the dispute does not automatically
13  invalidate an unjust enrichment alternative theory of recovery." Arnold, 275 F. Supp. 2d at
14  1030. Rather, unjust enrichment is warranted when the plaintiff has conferred a benefit upon
15  the defendant in reliance upon an agreement which is unenforceable. See id. at 1025.

16      Indeed, Fed. R. Civ. P. 8(e) permits a plaintiff to alternatively plead, and there is no
17  requirement that the Plaintiff include the magic words "in the alternative" in making
18  alternative claims. Id. at 1029. An unjust enrichment count should not be dismissed unless
19  it was insufficient apart from its inconsistency with the other counts. See id. at 1030-31;
20  Adleman v. Christy, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000) (finding on cross-motions
21  for summary judgment that because the plaintiff properly pled in the alternative, an unjust
22  enrichment claim was not precluded by the undisputed fact that one of two possible contracts
23  governed the payment of royalties at issue).

24

25      [2] Fed. R. Civ. P. 8(e)(2) provides that "[a] party may set forth two or more statements
26  of a claim or defense alternatively or hypothetically, either in one count or defense or in
   separate counts or defenses … A party may also state as many separate claims or defenses
27  as the party has regardless of consistency."

28

1         Giramberk argues that " . . . [Isofoton's Response] mistakenly contends that pleading

2 unjust enrichment in the alternative permits the claim to survive where Isofoton has admitted

3 that a contract exists between the parties." [Doc. # 9 (Reply), p. 1.] Defendant cites to Sutter

4 Home Winery, Inc. v. Vintage Selections, Ltd., 971 F.2d 401, 408 (9th Cir. 1992), in which

5 the Ninth Circuit held that under Arizona law a party "cannot recover on its claim [] of unjust

6 enrichment" where the parties' dispute is "governed by a valid express contract." The Ninth

7 Circuit noted that because the plaintiff "accepted the benefits of the agreement for almost

8 four years," it was barred from challenging the validity of the [] agreement . . . ." Id. at 409

9 n. 7. That is not the case here where Plaintiff does not question the validity of the contract,

10 but rather, seeks relief pursuant to the terms of the contract, or if it is deemed unenforceable,

11 Plaintiff seeks equitable relief.

12         Further, Defendant alleges that despite Isofoton's contention, Isofoton did receive the

13 benefit of the bargain under the contract, and misinterprets Arizona law on this point.

14 Isofoton relies on Adelman and Arnold as support for the assertion that a party may plead

15 breach of contract and unjust enrichment so long as the party bringing both claims did not

16 receive the benefit of its bargain. See Response p. 2. Defendant argues that Isofoton

17 received the benefit of its bargain over the course of many transactions since they signed the

18 Agreement over ten years ago. See Reply p. 4. Defendant further contends that Adelman

19 incorrectly applied the Arizona case law, which states only that "an unjust enrichment claim

20 for restitution can be pursued when a party has not received the benefit of his bargain

21 because a party is *not seeking a double recovery in those circumstances*." Reply p. 5

22 (emphasis added), citing Us Life Title Co. of Arizona v. Gutkin, 732 P.2d 579, 583-85 (Ariz.

23 Ct. App. 1986). The Court need not determine whether Adelman correctly applied Arizona

24 law, because both Adelman and Us Life address the issue of whether a party is precluded

25 from pleading in the alternative after a determination has been made as to the validity of the

26 contract and not on a motion to dismiss. Based on the pleadings, the Court cannot make such

27 a finding at this time.

28                                                   - 6 -

## 2.   Unjust Enrichment

Giramberk argues that unjust enrichment is improper, regardless of whether it is pled in the alternative, because there is a binding contract governing the parties' dealings. Isofoton responds that the Court has not yet decided whether a binding contract is in effect, and, therefore, that its unjust enrichment claim should stand.

The elements of unjust enrichment are met under Arizona law. In US Life the court of appeals stated that a successful unjust enrichment claim must establish that, "(1) plaintiff conferred a benefit upon the defendant; (2) the defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow the defendant to keep the benefit." Isofoton's Claim IV meets these elements. The seven shipments of goods, accepted and not returned or paid for, constitute Giramberk's benefit at Isofoton's expense. There is no reason on the face of the Complaint to believe the goods were shipped gratuitously or to doubt that Giramberk knew he was expected to pay for them. But assuming Plaintiff cannot establish the *validity of the contract,* he still may be able to prove unjust enrichment.

Defendant relies on US Life, 732 P.2d at 584, as support for its argument that an unjust enrichment claim can be undone by an enforceable contract governing the parties' specific rights. In that case, the court conclusively found that because US Life entered a binding agreement with the defendant and accepted delivery of the quitclaim deed for which it bargained, further unjust enrichment was barred. See id. at 584-85. Similarly, in Brooks, 548 P.2d at 1171, the Arizona Supreme Court found that a mortgagor had no cause of action for unjust enrichment against his mortgagee for two reasons.   First, again the court conclusively found an express contract between the parties which made any quasi-contractual remedy impossible. See id. Second, because the mortgagor had already received what was directed by the contract, any restitution was precluded by Restatement of Restitution § 107, comment 1(a). See id. Both of these cases are distinguishable, however, because the court made findings about the existence of a binding agreement and whether the benefit of the bargain had been received.

1    The Ninth Circuit has addressed this issue in Sutter Home, 971 F.2d at 409, in which
2 it granted judgment on the pleadings for Sutter Home on Vintage's counterclaim. Vintage
3 claimed that Sutter Home's discontinuance of its business relationship with Vintage was
4 wrongful and in bad faith. Id. at 405. As a result of Sutter Home's actions, Vintage alleged
5 several statutory violations, a tort claim, and unjust enrichment. See id. The Ninth Circuit
6 found that the distributor agreement between the parties was valid and controlling, thereby
7 precluding the unjust enrichment claim. See id. at 408. Significantly, however, this decision
8 was based on a judgment on the pleadings and not a motion to dismiss.

9    On cross motions for summary judgment, not a motion to dismiss, the Arizona district
10 court distinguished US Life, Brooks and Sutter Home and held that where the plaintiff does
11 not attempt to recover beyond the bounds of the contract, an unjust enrichment claim is still
12 proper because the plaintiff has not received the benefit of the bargain. See Adelman v.
13 Christy, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000). Plaintiff had the option of either a
14 breach of contract or an unjust enrichment claim. Id.

15    It is clear that if Isofoton is found on summary judgment or at trial to have acted under
16 a valid Commission Agreement, Plaintiff could not recover under an unjust enrichment
17 theory. However, Isofoton is merely seeking one recovery through two alternate claims.

18    If Defendant's argument was accepted, Fed. R. Civ. P. 8(e)(2) would be rendered
19 meaningless. The phrase, "A party may also state as many separate claims or defenses as the
20 party has regardless of consistency," is unambiguous. The breach of contract and unjust
21 enrichment claims are separate and inconsistent, as contemplated by Rule 8(e)2. As in
22 Arnold, unless Count IV is insufficient apart from its inconsistency with Count I, it
23 withstands a motion to dismiss.

24
25
26
27
28
- 8 -

1    Accordingly,

2        **IT IS ORDERED** that Defendant Ygal Giramberk d/b/a Corporate International

3    Operations' Motion to Dismiss Count IV of Complaint (Doc. #4) is **DENIED**.

4

5    DATED: _May    30_____, 2006.

6

7

8                                        Roslyn O. Silver
                                         United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              - 9 -